AFM/AA
F. #2022R00315

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION AND RULE 16(d)(1) PROTECTIVE ORDER |
| - against - | |
| SAGAR STEVEN SINGH, and NICHOLAS CERAOLO, | No. 23-CR-236 (FB) |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

       IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants SAGAR STEVEN SINGH and NICHOLAS CERAOLO (the "Defendants"), and the Defendants' counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

       2.     Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) and Potential Witnesses (defined to

1

mean any person, and any attorney for such person, whom the Defendant or Defense Counsel believe in good faith to be a potential witness at an evidentiary hearing or trial in the above-captioned case) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

3. Defense Counsel may disclose, disseminate and discuss to and with Potential Witnesses only those Discovery Materials which they believe in good faith to be necessary to prepare them to testify at an evidentiary hearing or trial in the above-captioned case, and Potential Witnesses may use the Discovery Materials disclosed, disseminated and discussed to and with them only in connection with preparation for testimony in the above-captioned case, and may not use Discovery Materials for any other purpose. Potential Witnesses must return to Defense Counsel all Discovery Materials disclosed or disseminated to them, and delete or destroy any copies or excerpts of Discovery Materials, at the conclusion of the evidentiary hearing or trial for which Defense Counsel prepared the Potential Witness to testify. Potential Witnesses shall agree to and sign Attachment A to the Protective Order prior to obtaining any Discovery Materials.

4. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

5.  None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

6.  If the Defendants obtain substitute counsel, the Defendants, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, and provides to the government its assent to the terms of this Protective Order.

7.  The Defendants may review Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"), only in the presence of Defense Counsel or Defense Staff. The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

8.  The Defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than defense counsel and defense counsel's staff.

9.  If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendants, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff.

10. All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 10 below.

11. Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendants. Attorneys' Eyes Only Material may be shared with the Defendants under the constraints applicable to Sensitive Discovery Materials two weeks before trial unless the government shows good cause why it should not be shared. If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court on an *ex parte* basis or otherwise.

12. Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendants may provide notice to the government and a reasoned explanation regarding why the Defendants do not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the Defendants may make an

application to the Court.  The Defendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.

    13. Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials.  If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material.  To the extent the parties do not agree, the Defendants may make an application to the Court.  Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

    14. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

    15. Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information.  While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located,

information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material.

16. The Defendants and Defense Counsel will return to the government the Discovery Materials, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the Defendants, Defense Counsel, Defense Staff, when the Defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

17. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

18. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York

July __, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Adam Amir
Assistant U.S. Attorney
(718) 254-7511

_____
Robert M. Appleton, Esq.
Attorney for NICHOLAS CERAOLO

_____
Jeremy Gutman, Esq.
Attorney for SAGAR SINGH

SO ORDERED
this ___ day of July, 2023

_____
THE HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

7

**Attachment A to Protective Order**

By signing below, I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have reviewed the Protective Order entered by the United States District Court for the Eastern District of New York in U.S. v. Singh, et al., No. 23-CR-236 (FB), and I agree to be bound by and comply with all of the terms and conditions therein.  I consent to the jurisdiction of the United States District Court for the Eastern District of New York to enforce this Protective Order and to punish violations of this Protective Order.  I understand that if I violate the Protective Order, I may be subject to criminal prosecution in the Eastern District of New York for contempt of court, and such other sanctions or disciplinary action as the Court itself may direct.

| Printed Full Legal Name, Title and Organization | Signature | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |