

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AA
F. #2022R00315

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 18, 2023

<u>By ECF</u>

Jeremy L. Gutman
521 Fifth Avenue, 17th Floor
New York, NY 10175
212-644-5200
jgutman@jeremygutman.com

Robert Michael Appleton
Olshan, Frome & Wolosky LLC
1325 Avenue of the Americas
Ste 15th Floor
New York, NY 10036
212-451-2288
rappleton@olshanlaw.com

    Re: United States v. Sagar Singh, et al.
      <u>Criminal Docket No. 23-236 (FB)</u>

Dear Counsel:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

  Please find enclosed:

  A recording of Nicholas Ceraolo's May 11, 2022 interview bates-numbered VILE_0000000002;

A recording of Nicholas Ceraolo's May 17, 2022 interview bates-numbered VILE_0000000003;

A report of Nicholas Ceraolo's July 6, 2022 interview bates-numbered VILE_0000000227;

A recording of Sagar Singh's September 8, 2022 interview bates-numbered VILE_0000000001; and

B.   The Defendant's Criminal History

The government is not aware of any criminal history for the defendants.

C.   Documents and Tangible Objects

Please also find enclosed:

A September 2, 2022 warrant authorizing the search of Sagar Singh bates-numbered 0000000004-VILE_0000000032;

A September 2, 2022 warrant authorizing the search of 36 Campbell Street, Pawtucket, Rhode Island bates-numbered VILE_0000000033 – VILE_0000000061;

A March 14, 2023 warrant authorizing the search of electronic media bates-numbered VILE_0000000062 – VILE_0000000089;

An August 5, 2022 warrant authorizing the search of Discord accounts bates-numbered VILE_0000000090 – VILE_0000000127;

A May 9, 2022 warrant authorizing the search of 105-5 69th Ave, Apt 305, Forest Hills, New York bates-numbered VILE_0000000128 – VILE_0000000169.

In addition, the government produces the following records as Sensitive Discovery Material, consistent with the Stipulation and Protective Order entered into on July 24, 2023, see ECF No. 28.

Records from Clearview, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000170 – VILE_0000000175;

Records from the Drug Enforcement Administration, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000176;

Records from Discord, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000177 – VILE_0000000191, VILE_0000000203;

Records from Facebook, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000192 – VILE_0000000193;

Records from Google, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000194 – VILE_0000000202;

Records from Toontown, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000217 – VILE_0000000223;

Records from the Richardson, Texas Police Department, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000204 – VILE_0000000216; and

Records from Vultr, which are marked as Sensitive Discovery Material, bates-numbered VILE_0000000224 – VILE_0000000225.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E.   Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or

control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if the defendant intends to offer an alibi defense. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location and dates specified in the Indictment.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/ Adam Amir
        Adam Amir
        Assistant U.S. Attorney
        (718) 254-6116

Enclosures

cc:     Clerk of the Court (FB) (by ECF) (without enclosures)

5